## RUMSEY *v.* WOLCOTT.

BANKRUPTCY.—An employee of a United States marshal cannot sustain action against such marshal personally for services rendered in taking care of a bankrupt's estate, but should apply to the court of bankruptcy for relief.

IDEM.—If the marshal fraudulently refuses to pay his agent for services rendered, he (the agent) may apply to a court of bankruptcy for such relief as he may be entitled to.

IDEM.—Where a suit was commenced by an employee of the U. S. marshal to recover compensation for taking charge of the property of a bankrupt: *Held*, that a demurrer to the petition was properly sustained, on the ground "that the court had no jurisdiction of the person of the defendant or the subject of the action."

ERROR to the District Court for Albany County.

The opinion contains a sufficient statement of this case.

*J. W. Kingman*, for plaintiff in error, contended that the demurrer should have been overruled. The petition sets out the bond of defendants, and alleges as a breach the refusal of the marshal to perform a duty enjoined and required by law, in consequence of which the plaintiff sustained a pecuniary loss: See Bump on Bankruptcy, pp. 92, 199, 451; sec. 40*d*, p. 463; sec. 47, p. 477; rules 12 and 13. It is not necessary to sue the officer first and the sureties afterwards: Nash, 189.

"The sureties of a sheriff are liable for his tortuous acts, done under color of his office:" 29 U. S. Dig. 114, sec. 34; 3 Bush, 516. "The sureties upon an official bond of a sheriff guarantee the faithful performance of official duty; and nothing but the faithful performance of official duty can fulfill the condition. As long as the obligation to pay continues an official duty of the officer, so long are his sureties responsible for its violation: *State* v. *Allen*, 12 Ohio, 59.

"For every non-feasance or misfeasance in office, the officer is responsible to the party aggrieved; and this is the liability to which the sureties have undertaken to respond:

*State* v. *Blake,* 2 Ohio St. 147; *Ohio* v. *Jennings,* 4 Id. 418; Seney's Code, 698, secs. 8, 46, 51.

*E. P. Johnson,* for defendant in error.

This case comes up from Albany county. Plaintiff was (as is alleged) employed to look after and care for certain cattle taken by Frank Wolcott on a warrant in bankruptcy, Wolcott agreeing to pay what the services were reasonably worth. Plaintiff claims his services were reasonably worth something over a thousand dollars (the amount is immaterial), and brought suit to recover, not against Wolcott, but on the official bond given by Wolcott as marshal of the territory, the other defendants being sureties. A demurrer was filed to the petition, and also to the amended petition. The demurrer to the amended petition was sustained, and the case brought here to review that ruling, as no judgment has been rendered in the case as yet. It is submitted that the demurrer was properly sustained. An action does not lie on the bond except at the instance of some party who has suffered damage by reason of the failure of the marshal to perform some duty enjoined by law, or his misfeasance in the performance of such duty.

The petition fails to show any non-feasance or misfeasance by which Rumsey became a sufferer. On the contrary, it only shows that Rumsey is seeking to recover by action on the bond a sum claimed to be due on a simple contract to perform services for Wolcott.

An attempt is made to show breach of official duty by reference to Bump on Bankruptcy, 92–199; 451, sec. 40 d; 463, sec. 47; 477, and rule 12. But the authorities fail to show that Rumsey has any right in the court of bankruptcy, or is or can be known to the court, unless the court is called on by the marshal to allow to him as compensation out of the estate whatever he may have paid Rumsey for the care of the property, and then the court will examine to see if it is reasonable. The marshal may or may not

return the bill he pays or becomes bound to pay. It is a matter depending on his own inclinations whether he will pay the expense he incurs out of his own pocket or ask the court to allow it to him out of the estate. He commits no breach of official duty if he chooses to pay it himself, and never trouble the court with it. The question is a simple one, and settled by the authorities cited by the plaintiff. No other questions arise that are necessary to its decision.

It might be urged that demurrer was good on the ground that the petition does not show judgment first against the principal, and that execution was returned unsatisfied, but the first point is decisive and disposes of the case.

By the Court, FISHER, C. J.: This was an action brought to this court by petition in error from Albany county, of August term, A. D. 1874.

Frank Wolcott, defendant in error, was United States marshal for the territory of Wyoming, and as such, and as messenger in bankruptcy, took into his possession a certain lot of cattle claimed to belong to the bankrupt estate of H. Latham & Co., by virtue of certain proceedings and orders duly issued to him by the supreme court of said territory sitting as a court in bankruptcy. That the said Wolcott employed Henry R. Rumsey, plaintiff in error, to take charge of and agist said cattle from some time in the month of January until April, A. D. 1874. That on failure of Wolcott to pay Rumsey the amount alleged to be due for said services, said Rumsey brought suit against the said Wolcott, on his official bond, including the sureties in the action. The petition of the plaintiff in the court below, and plaintiff in error here, sets out the matters above stated as his cause of action.

The defendant in the court below, by his counsel, filed a general demurrer, which was sustained by court. The plaintiff brings his case here by petition in error, and assigned as the only error the sustaining of the defendant's

demurrer. The question, therefore, for this court to determine is, should the demurrer have been sustained? The plaintiff's petition, which is a part of the record in this case, shows that his claim is for the custody and agisting of the cattle taken into custody of the marshal, and can only be allowed by the court sitting in bankruptcy upon the presentation in the form of a schedule of costs and expenses actually incurred and paid by the marshal, and cannot be allowed to his deputy or any one else, unless in cases where the deputy is performing all the services as marshal, and his account is made up accordingly: See Bump on Bankruptcy, pages 199 and 463. And the court cannot take into consideration the account of either the marshals, deputies or agents while the marshal himself is present, and acting or performing the duties appertaining to his office.

The law gives no right to any employee of the officer to present his claim in person to the court for allowance, hence if the marshal employs an agent to take property into custody for any other purpose, the agent accepts the trust at the hands of that officer, subject to his own risk, and must look to him for his compensation. If the marshal fraudulently refuses to pay his agent for services rendered, he (the agent) may apply to a court of bankruptcy for such relief as that court may be able to afford him, but even then we conceive that it would be in the discretion of that court.

But we fail to see where any relief can be granted by any court other than a court of bankruptcy. Nor can a suit in any case be sustained upon the official bond of the marshal for a breach of its conditions, for such a claim as is presented in this action.

The civil code of Wyoming, section 85 of the act of December 11, 1873, gives, among other grounds of demurrer, "that the court has no jurisdiction of the person of the defendant, or the subject of the action." Now, if the claim of the plaintiff in this case can only be presented through the marshal, and in a bankruptcy court, it follows *a priori* that the district court can have no jurisdiction, and that the

action, if brought, must be against the marshal on his contract, and not against him and his bondsmen in any official capacity.

The ruling of the court below in sustaining the demurrer is therefore sustained, and the defendants discharged with their costs.